**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**J. Mark Coulson**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**P: (410) 962-4953 | F: (410) 962-2985**
**mdd_jmcchambers@mdd.uscourts.gov**

August 21, 2026

LETTER ORDER AND OPINION TO COUNSEL

RE: *Gravenor v. AstraZeneca Pharmaceuticals LP*
Civil No. 1:25-cv-03984-JMC

Dear Counsel:

Plaintiff, Alicia Gravenor ("Plaintiff") brought this case against Defendant, AstraZeneca Pharmaceuticals ("Defendant") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. 621 ("ADEA") (ECF No. 1). Currently before the Court is a discovery dispute concerning the temporal scope of an upcoming deposition. (ECF Nos. 27, 31, 32). The Court has considered the parties' letters summarizing their respective positions filed on August 7, 2026. (ECF Nos. 31, 32). The issues have been fully briefed and the Court held a virtual hearing on August 21, 2026. For the reasons set forth below, the Court shall grant Defendant's requested relief, with the caveat expressed below.

## I. Background

The present litigation arises from Plaintiff's employment with Defendant. She alleges that during the twenty years in which she worked for AstraZeneca, she was promoted, demonstrated a stellar performance, and consistently reached her sales goals. (ECF No. 1 at 2)[1]. Plaintiff alleges that after she was promoted to an Executive Level IV Pharmaceutical Sales Associate ("Level IV") and assigned a new supervisor, AstraZeneca marginalized her while treating a younger male more favorably. *Id.* at 5-7. Plaintiff was eventually terminated. *See id.*

The parties formally raised the currently pending discovery issues in an August 5, 2026 letter to the Court. (ECF No. 27). Thereafter, Judge Russell referred the case to the undersigned to resolve the dispute. (ECF No. 28). Subsequently, Counsel filed a joint request for a conference, which the Court held by telephone on August 21, 2026, by way of a teleconference. The parties also submitted letters to the Court in advance, outlining their respective positions as required by the Court's Informal Discovery Memorandum. (ECF Nos. 31, 32). The parties indicate that they have conferred on these disputes on several occasions, made some progress, but have been unable to fully resolve the instant question concerning the temporal scope of the deposition of Defendant's corporate representative. *Id.*

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

## II. Analysis

Through the meet and confer process, the parties ultimately agreed on the following topics for the Rule 30(b)(6) deposition: (1) the decision to terminate Plaintiff; (2) Plaintiff's prior disciplinary history; and (3) Plaintiff's sales performance. (ECF No. 32 at 1). However, Plaintiff would not agree to a temporal limitation for these topics, arguing that Plaintiff's 20-year work history provided important context for the issues that ultimately arose after her promotion to a Level IV. (ECF No. 31 at 1-2. Plaintiff represents that she "does not seek testimony concerning her complete sales history merely because those records exist or as an unfocused inquiry into her employment." *Id*. at 2. Instead, she seeks to "establish[] the historical and evaluative context necessary to test the performance-based explanation Defendant has affirmatively placed at issue." *Id*.

Defendant argues in favor of a temporal limitation to 2021 through 2024. (ECF No. 32. at 2). Defendant argues that expanding to scope to the whole of Plaintiff's twenty-year tenure would result in irrelevant discovery. *Id.* Defendant avers that a limitation to 2021 through 2024 defines the relevant timeframe because it encompasses her promotion to Level IV, reporting to the supervisor whose disciplinary decisions Plaintiff challenges as discriminatory. *Id.*

Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Thus, Rule 26(b) establishes relevance as the touchstone for discovery, but does recognize burden and expense as a potential counterbalance.

To an extent, the Court understands Plaintiff's desire to use her long tenure and apparent satisfactory performance with the company to give context to the reasons advanced by Defendant for her discipline and ultimate termination. The Court can envision an argument by Plaintiff that the same type of performance Defendant criticized post-promotion did not result in discipline in the past. At the very least, Plaintiff has a legitimate interest in discovering whether Defendant intends to take issue with her favorable characterization of her pre-promotion performance.

At the same time, as Defendant pointed out during the telephone conference, Plaintiff's prior performance in a *different* role with *different* duties, demands and expectations is not primarily relevant to her new role at a Level IV, with its own, different responsibilities and expectations, nor to the conduct of a new supervisor evaluating her performance in that new role

as alleged in the Complaint. Defendant also advised during the telephone conference that Plaintiff's written discovery was restricted to the timeframe Defendant proposes here.

The Court agrees with Defendant's proposed temporal limitation, with one caveat. Given the timeframe it proposes and the relevance arguments it advances, Defendant should not later be permitted to point to pre-promotion conduct as a justification for its post-promotion disciplinary and termination decisions, nor to contradict Plaintiff's assertion that her pre-promotion conduct was satisfactory and without any disciplinary issues. Defense Counsel indicated during the telephone conference that counsel was not aware of any such intent at present. However, if that changes and Defendant is planning on impeaching Plaintiff's characterization of her pre-promotion tenure by offering specific instances of discipline or other pre-promotion failures to meet expectations, Defendant shall alert Plaintiff of same, and Plaintiff will be allowed to ask questions of the corporate deponent or conduct other appropriate discovery concerning such evidence. In the absence of such disclosure and opportunity, the undersigned recommends that Judge Russell as the trial judge consider precluding such evidence at trial.

## III. Conclusion

For the foregoing reasons, the Court will grant the temporal restriction requested by Defendant, with the caveat set forth immediately above.

Notwithstanding its informal nature, this letter constitutes an order of the Court and should be docketed as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge